1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **RHONDA BROWN;**<br><br>                **Plaintiff,**<br><br>        **vs.**<br><br>**DIAMOND PARKING SERVICES, LLC,**<br><br>                **Defendants.** | **No. 16-CV-696**<br><br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

The Plaintiff alleges as follows:

## I.  PARTIES

1.1      Rhonda Brown is the Plaintiff in this action.  Plaintiff is a resident of Pierce County, Washington, which is in this judicial district.

1.2.      Plaintiff is a qualified individual with a disability as defined by Title III of the Americans with Disabilities Act ("ADA") and the Washington Law Against Discrimination ("WLAD"), RCW 49.60.010 et seq.  She uses a wheelchair and a modified van for transportation, and she requires accessible parking and an accessible route to be able to patronize places of public accommodation, such as the parking lots operated by Defendant.

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1.3.    Plaintiff resides in Tacoma, Washington, and travels to Seattle regularly for shopping, dining, and entertainment, as well as several times per year for medical visits.

1.4.    Defendant Diamond Parking Services, LLC is a Washington corporation doing business as "Diamond Parking Service."  On information and belief, Defendant owns and operates numerous surface and garage parking lots throughout the city of Seattle and surrounding areas.

1.5.    On information and belief, Defendant operates a parking lot located at 2021 Fifth Avenue, Seattle Washington 98121.

1.6.    The Diamond Parking Service parking lot at 2021 Fifth Avenue, Seattle Washington 98121 is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7), and its implementing regulation, 28 C.F.R. § 36.104.

## II.    JURISDICTION AND VENUE

2.1.    This court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3)-(4), and 28 U.S.C. § 1367.

2.2    Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the practices and procedures that give rise to the Plaintiff's complaint are occurring in this judicial district.

## III.    OVERVIEW

3.1    Twenty-six years after the passage of the ADA, Defendant discriminates against individuals with disabilities who have mobility impairments. The Defendant operates parking facilities in such a way that individuals with disabilities who have mobility impairments are provided unequal access and enjoyment related facility services and amenities.

**COMPLAINT** - Page 2 of 8

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

3.2    The federal ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability." The ADA prohibits public accommodations, like the concert venue that the Defendant owns and operates, from providing individuals with disabilities with separate or unequal benefits and services. The Defendant is one example of countless places of public accommodation that have substantial and numerous compliance issues with the ADA. (Approximately only 2% of places of public use are completely ADA compliant. Carri Becker, Private Enforcement of the Americans with Disabilities Act Via Serial Litigation: Abusive or Commendable?, 17 HASTINGS WOMEN'S L.J. 93, 99 (2006).)

3.3    Per 42 U.S.C. § 12101, the findings and purpose section of the original ADA, "...individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities..."

3.4    Further, "...census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally..." Id.

3.5    Finally, "...the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals..." Id.

**COMPLAINT** - Page 3 of 8

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

3.6     Defendant's parking lot located at 2021 Fifth Avenue, Seattle Washington ("parking lot") is a place of public accommodation.  It is located near a number of restaurants and a movie theater.

3.7     Plaintiff recently patronized the parking lot on a trip to Seattle for the purpose of dining and entertainment.

3.8     Plaintiff encountered a number of barriers to access at the parking lot, including but not limited to the lack of proper signage identifying accessible parking, an impermissibly steep slope of the accessible parking spots, making it dangerous to use the ramp of her modified van to exit the vehicle, no parking spots designated for modified vans like Plaintiff drives, and the absence of an access aisle adjacent to the accessible parking spot, which would force Plaintiff to exit her vehicle directly onto the sidewalk and into the path of others passing by, and a lack of clear ground space in front of the automated payment kiosk. Defendant's conduct has denied Plaintiff equal access to its parking lot, and discriminates against her on the basis of her disability.

3.9     Defendant's parking lot is in violation of applicable standards under the ADA and WLAD.

3.10     Plaintiff has patronized the parking lot in the past and intends to continue to do so in the future, due to its convenient location near restaurants and entertainment.

## IV.     CAUSES OF ACTION

### A.     Violation of Title III of the ADA

4.1     Defendant's practices alleged herein violate Plaintiff's rights under the ADA, and constitute discrimination on the basis of Plaintiff's disability, in violation of the ADA.

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

1    4.2     Plaintiff incorporates by reference each and every allegation contained in the

2    foregoing paragraphs.

3    4.3     Title III of the ADA provides that "No individual shall be discriminated against

4    on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

5    privileges, advantages, or accommodations of any place of public accommodation by any person

6    who owns, leases (or leases to), or operates a place of public accommodation."

7    4.4     Defendant operates the parking lot in Washington.

8    4.5     Defendant's parking lot is a place of public accommodation. 42 U.S.C. §

9    12181(7)(B).

10    4.6     At all times relevant to this action, Plaintiff has been a qualified individual with a

11    disability within the meaning of the ADA.  42 U.S.C. § 12102.

12    4.7     Defendant has discriminated against Plaintiff on the basis of disability.

13    Defendant's discriminatory conduct includes but is not limited to:

14        a.     Provision of goods, services, facilities, privileges, advantages, and/or

15        accommodations that are not equal to those afforded non-disabled individuals;

16        b.     Failing to make reasonable modifications in policies, practices, and/or

17        procedures as necessary to afford the goods, services, facilities, privileges, advantages,

18        and/or accommodations of the winery and amphitheater to individuals with disabilities.

19    4.8     Defendant's discriminatory conduct has caused harm to Plaintiff and will, unless

20    enjoined, continue to cause harm to Plaintiff.

21

22    4.9     Plaintiff is entitled under the ADA to monetary damages, declaratory and

23    injunctive relief, and reasonable costs and attorneys' fees.  42 U.S.C. § 12188, 42 U.S.C. §

24    12205.

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

**B.     Violation of the WLAD**

4.10     Defendant's practices alleged herein violate Plaintiff's rights under the WLAD, by denying her full and equal enjoyment of the Defendant's place of public accommodation, as described herein.

4.11     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

4.12     Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part:

4.13     The right to be free from discrimination because of…the presence of any sensory, mental, or physical disability…is recognized as and declared to be a civil right.  This right shall include, but not be limited to: … (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement…."

4.14     Defendant's parking lot is a "place of public resort, accommodation, assemblage, or amusement" within the meaning of the Washington Law Against Discrimination, Wash. Rev. Code § 49.60.040.

4.15     Plaintiff is an individual with a disability within the scope of the Washington Law Against Discrimination.

4.16     Plaintiff is informed, believes, and thereon alleges that Defendant and its agents and employees have violated and continue to violate sections 49.60.010 et seq. of the Revised Code of Washington by unlawfully denying Plaintiff full and equal access to the parking lot operates and for the reasons set forth above, including violating the ADA.

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

4.17    Plaintiff is informed, believes, and thereon alleges that Defendant and its agents and employees have violated and continue to violate sections 49.60.010 et seq. of the Revised Code of Washington by unlawfully denying Plaintiffs full and equal access to its "place of public resort, accommodation, assemblage, or amusement…"

4.18    Defendant's actions constitute discrimination against Plaintiff and violate the Washington Law Against Discrimination, Revised Code of Washington sections 49.60.010 et seq., in that Plaintiff is being denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides.

4.19    As a direct and proximate result of the aforementioned acts, Plaintiff has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to remediate inaccessibility at the parking facility.   These failures have denied Plaintiff the full and equal enjoyment of the events held at this venue that the Washington Law Against Discrimination requires.

4.20    Because Plaintiff have a clear legal right to access the parking facility, has a well-grounded fear of immediate invasion of that right, and has been actually injured as a result of Defendant's conduct as alleged herein, declaratory and injunctive relief are appropriate remedies. See *Kucera v. Dep't of Transp.*, 140 Wn.2d 200, 209 (2000).

4.21    Pursuant to Wash. Rev. Code § 49.60.030(2), Plaintiff is entitled to declaratory and injunctive relief and to recover from Defendant the reasonable attorneys' fees and costs incurred in bringing this action.

## V.    PRAYER FOR RELIEF

Having stated her claims against Defendant, Plaintiff prays for the following relief:

CARNEY
GILLESPIE
ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486

5.1     Judgment against Defendant for compensatory damages in an amount to be proven at trial;

5.2     Injunctive relief to correct the practices of the Defendant that violate the ADA and WLAD;

5.3     An award of reasonable attorneys' fees and costs incurred in bringing this action.

Dated:  May 16, 2016.


COUNSEL FOR PLAINTIFF:


**WASHINGTON CIVIL AND DISABILITY ADVOCATE**


/S/Conrad Reynoldson
Conrad Reynoldson, WSBA # 48187
4421 51st Ave NE
Seattle, WA  98105-4932
(206) 855-3134
Conrad.wacda@gmail.com


**CARNEY GILLESPIE ISITT PLLP**


/S/Christopher Carney
Christopher Carney, WSBA No. 30325
315 5th Ave S, Suite 860
Seattle, Washington 98104
(206) 445-0212
Christopher.Carney@CGILaw.com

CARNEY GILLESPIE ISITT

315 5th AVENUE SOUTH, SUITE 860
SEATTLE, WA 98104
PHONE 206•445•0220
FAX 206•260•2486